IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENITO MIGUEL CURIEL,<br><br>               Plaintiff,<br><br>vs.<br><br>LONG, cpl, Individual and Official capacity; BECKY, Ms., Account/Funds Handler, Individual and Official capacity; UNKNOWN, cpl, Shield Number 97092, Individual and Official capacity; UNKNOWN, sgt, Individual and Official capacity;  UNKNOWN, cpl, Shield Number 97051, Individual and Official capacity; UNKNOWN SHERIFF, Sheriff, Individual and Official capacity;  BRANDON, Head United States Marshal, Individual and Official capacity;  JON, Shield Number 52, Individual and Official capacity; UNKNOWN, Nurse, Individual and Official capacity;  UNKNOWN, Doctor, Individual and Official capacity; and  UNKNOWN, Capt, Individual and Official capacity;<br><br>               Defendants. | 8:24CV493<br><br>**MEMORANDUM AND ORDER** |

Before this Court is a motion seeking leave to proceed in forma pauperis (the "IFP Motion") filed by Plaintiff Benito Miguel Curiel ("Plaintiff").  Filing No. 45.  The matter is also before this Court on this Court's December 23, 2024, Memorandum and Order, to address amendment of Plaintiff's Complaint following severance from his prior co-plaintiffs.  Filing No. 55.

For the reasons that follow, the IFP Motion shall be granted, and Plaintiff shall be granted leave to amend his Complaint.

## I.  THE IFP MOTION

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of a plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint.

The Court finds the initial partial filing fee for Plaintiff is $10.19, based on Plaintiff's average monthly account balance of $50.94. Filing No. 17. Plaintiff must pay his initial partial filing fee within 30 days, or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed, but any requests for additional time must be done prior to the payment deadline.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. LEAVE TO AMEND

Plaintiff initially filed his Complaint on September 27, 2024, in the Northern District of Iowa, as a joint complaint, along with four other inmate-plaintiffs who were housed at the Dakota County Jail. Filing No. 5. The matter was transferred to this Court on October 1, 2024. Filing No. 6. Upon initial review of the Complaint (and multiple supplements filed by Plaintiff and several other joint plaintiffs), this Court determined that the parties could not proceed as joint-plaintiffs under Rule 20(a)(1) of the Federal Rules of Civil Procedure because it appeared the claims asserted did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Filing No. 55 at 6–8. As a result, this Court determined that each of the joint plaintiffs must proceed individually, severing their claims into separate cases. *Id.* at 10.

The Court also determined that while the Complaint (and the Motions to Supplement) contained claims alleging denial of access to the courts, cruel and unusual punishment, due process violations, deliberate indifference to medical needs, and liberty violations, the Complaint did not contain sufficient factual allegations to support each claim and/or it was not possible for this Court to determine which factual allegations related to each individual plaintiff. *Id.* at 8–9. In order for Plaintiff's claims to proceed, the filing of an amended complaint is necessary.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," Id. at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While the Court shall not go through each instance that amendment is required, any amended complaint filed by Plaintiff in compliance with this order must comply with the pleading requirements of Rule 8.[1]  As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims, including naming each defendant he seeks to sue. *Plaintiff should be mindful to clearly explain what each defendant did to him, when each*

---

[1] *See* Filing No. 55 at 8–9 for a more specific discussion of some of the Complaint's pleading deficiencies.

*defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated. Put another way, the Court cannot guess as to what each defendant did and when, therefore, Plaintiff should set forth factual allegations that establish who each defendant is, when and how they were involved with Plaintiff's claims, and what claims Plaintiff alleges against each of them.*

IT IS THEREFORE ORDERED that:

1. Plaintiff's IFP Motion, Filing No. 45, is granted.

2. Plaintiff must pay an initial partial filing fee of $10.19 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

4. The Clerk's Office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk of the Court is directed to send Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

5. Plaintiff is granted 30 days in which to file an amended complaint on his own behalf. Once an amended complaint is filed (and the initial partial filing fee has been received) the Court will review Plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Any amended complaint filed by Plaintiff will supersede, rather than supplement, the Complaint.

Plaintiff is reminded that in his amended complaint he must include all of the claims he wishes to pursue against all individuals <u>named</u> as defendants in this case and any other defendant that he wishes to proceed against. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him. While Plaintiff may incorporate the claims made in his prior Complaint, Filing No. 5, by reference, Plaintiff must be sure to provide a complete listing of claims and facts in support of those claims in his amended complaint.

6. Failure to file an amended complaint by the deadline set forth in this order shall result in the dismissal of Plaintiff's case without further notice.

7. Should Plaintiff require further time to comply with this Memorandum and Order he must move for an extension, in writing, prior to the expiration of the deadline for compliance.

8. The Clerk's office is directed to set pro se case management deadlines in this case using the following text: **January 29, 2025**: initial partial filing fee payment due and check for amended complaint.

Dated this 30th day of December, 2024.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge